# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1130V
UNPUBLISHED

| | |
|---|---|
| ANGELA BEASLEY, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 15, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Joint Stipulation on Damages; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Influenza ("flu"); Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Milton Clay Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On August 2, 2018, Angela Beasley, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") and tetanus diphtheria acellular pertussis ("Tdap") vaccinations. Petition at 1; Stipulation, filed January 13, 2020, at ¶¶ 1. Petitioner further alleges that the vaccinations were administered within the United States; that she experienced the residual effects of her injury for more than six months; and that there has been no prior award or settlement of a civil action for damages as a result of her SIRVA and residual effects. Petition at 3-4; Stipulation at ¶¶ 3-5.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 13, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $150,000.00 consisting of $85,000.00 for pain and suffering, $6,320.38 for past unreimbursed expenses, and $58,679.62 for lost earnings) in the form of a check payable to Petitioner**.  Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a).  *Id.*

I approve the requested amount for Petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                  )
ANGELA BEASLEY,                   )
                                   )
            Petitioner,        )
                                 )     No. 18-1130V **(ECF)**
v.                               )     Chief Special Master Corcoran
                                 )
SECRETARY OF HEALTH        )
AND HUMAN SERVICES,        )
                                 )
            Respondent.      )
_____)

**STIPULATION**

The parties hereby stipulate to the following matters:

1.      Angela Beasley ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of influenza ("flu") and tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received flu and Tdap vaccines intramuscularly in her right arm on October 3, 2016.

3.      The vaccines were administered within the United States.

4.      Petitioner alleges that she sustained the first symptom or manifestation of onset of a right Shoulder Injury Related to Vaccine Administration ("SIRVA") within the time period set forth in the Table. Petitioner further alleges that she experienced the residual effects of her SIRVA for more than six months.

1

5.      There is not a preponderance of the evidence demonstrating that petitioner's SIRVA and residual effects were due to a factor unrelated to her October 3, 2016 flu and Tdap vaccines.

6.      Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her right SIRVA and residual effects.

7.      Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Program for her right SIRVA.  Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $150,000.00 (consisting of $85,000.00 for pain and suffering, $6,320.38 for past unreimbursed expenses, and $58,679.62 for lost earnings) in the form of a check payable to petitioner, Angela Beasley, which amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.      Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396

et seq.), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation

will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42

U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the Secretary of

Health and Human Services and the United States of America from any and all actions or causes

of action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of,

petitioner resulting from, or alleged to have resulted from, the flu and Tdap vaccines

administered on October 3, 2016, as alleged by petitioner in a petition for vaccine compensation

filed on or about August 2, 2018, in the United States Court of Federal Claims as petition No.

18-1130V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

ANGELA BEASLEY

**ATTORNEY OF RECORD FOR
PETITIONER:**

M. CLAY RAGSDALE
Ragsdale LLC
517 Beacon Parkway West
Birmingham, AL 35209
(205) 290-6800

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 1/13/2020

**ATTORNEY OF RECORD FOR
RESPONDENT:**

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

5