# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 18-1130V

(not to be published)

| | |
|---|---|
| ANGELA BEASLEY,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 13, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Milton Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 2, 2018, Angela Beasley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza and tetanus diphtheria acellular pertussis vaccinations. (Petition at 1). On January 15, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 32).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 15, 2020, (ECF No. 37), requesting a total award of $25,987.75 (representing $25,186.50 in fees and $801.25 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 37-5).  Respondent reacted to the motion on June 15, 2020, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. (ECF No. 38). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**ATTORNEY FEES**

A.  Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Milton Ragsdale, $385 for work performed in 2016, $400 per hour for work performed in 2017, $420 per hour for work performed in 2018, $440 per hour for work performed in 2019, and $460 per hour for work performed in 2020; for Ms. Allison Riley, $270 per hour for work performed in 2017, $290 per hour for work performed in 2018, $305 per hour for work performed in 2019, and $340 per hour for work performed in 2020; and rates of $135 - $155 per hour for all paralegal work performed, based on year billed. (ECF No. 37 at 2-3). The 2017 - 2019 rates requested Ms. Riley and for the paralegal work are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance. However, I will make an adjustment for Mr. Ragsdale's requested rates for 2018 - 2020, and Ms. Riley's requested rate increase for 2020.

i.  Milton C. Ragsdale, VI

Mr. Ragsdale's requested rates for 2018 and 2019 exceed what has been previously awarded for his billable time. *See,* e.g., *See Douglas v. Sec'y of Health & Human Servs.*, No. 14-1226V, 2019 WL 3814396 (Fed. Cl. Spec. Mstr. Jul. 25, 2019). It is not the practice in the Vaccine Program to retroactively increase rates previously awarded in the Program, or to deviate from prior rate awards simply because a petitioner happens to ask for a higher rate in a subsequent case. I therefore reduce Mr. Ragsdale's rates for 2018 to the previously-awarded rate of $410.00 per hour, and for 2019 to the rate of $420 per hour. This results in a reduction in total fees to be awarded of **$138.00**.[3]

The requested rate for Mr. Ragsdale's 2020 work is within the appropriate experience range utilized by the Office of Special Masters,[4] but slightly exceeds what would be an appropriate increase. Rather, relying on the factors set forth in *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large), the lesser increase of $430 per hour is more appropriate for his time billed in 2020,

---

[3] This amount consists of ($420 - $410 = $10 x 3.4 hrs = $34) + ($440 - $420 = $20 x 5.2 hrs = $104) = $138.

[4] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

and also more consistent with the magnitude of prior increases. This reduces the attorney fees to be awarded in this case by the amount of **$30.00**.[5]

       ii.     Allison Riley

Just as with Mr. Ragsdale, Ms. Riley's requested rate for 2020 is excessive in comparison to the previously awarded amounts she has been awarded. Ms. Riley has been a licensed attorney since 2011, placing her in the range of attorneys with 8-10 years' experience for 2020. To date she has not been the attorney of record in any case in the Vaccine Program, however, and has only gained experience as an associate of Mr. Ragsdale. Because of this, and the factors of *McCullough* as applied to Ms. Riley, I would consider the hourly rate of $325 more consistent with Ms. Riley's experience level. This reduces the attorneys' fees to be awarded in this case in the amount of **$24.00**.[6]

### ATTORNEY COSTS

Petitioner requests $801.25 in overall costs. (ECF No. 37 at 3). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs, awarding a total of **$25,795.75** (representing $24,994.50 in fees and $801.25 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[5] This amount consists of $460 - $430 = $30 x 1 hrs = $30.00.

[6] This amount consists of $340 - $325 = $15 x 1.6 hrs = $24.00

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.